UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

**APR 1 8 2000**

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | **L - 0 0 - 4 1 3** |
| ROSENDO ALEXIS CHRISTIE-HOOKER | § | |
| REGINA RENEE THOMAS, | | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

On or about March 22, 2000 , in the Southern District of Texas and within the jurisdiction

of the Court, **Defendants,**

**ROSENDO ALEXIS CHRISTIE-HOOKER and
REGINA RENEE THOMAS,**

did knowingly and intentionally conspire and agree together with other persons known and unknown

to the Grand Jurors to knowingly and intentionally possess with intent to distribute a Schedule II

controlled substance, to-wit: a quantity in excess of 500 grams of cocaine.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(A)(1)(B).

## COUNT TWO

On or about March 22, 2000, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **Defendants,**

**ROSENDO ALEXIS CHRISTIE-HOOKER and
REGINA RENEE THOMAS,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to-wit: a quantity in excess of 500 grams, that is, approximately 1.3 lbs. (gross weight) of cocaine.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

A TRUE BILL:

_____
FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

JOEL R. GONZALEZ
Assistant United States Attorney

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 1 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. L-00-413-02 |
| | § | |
| **REGINA RENEE THOMAS** | § | |

### FACTUAL BASIS FOR GUILTY PLEA

TO THE HONORABLE COURT:

The United States of America, by and through the United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, and the defendant and defendant's counsel, hereby stipulate to the following:

I.

If this case had proceeded to trial, the Government would have proved by legal and competent evidence that on or about March 22, 2000, the defendant, **REGINA RENEE THOMAS,** and co-defendant Rosendo Alexis Christie-Hooker arrived at International Bridge I in Laredo, Texas. Both were traveling in a taxi on the bridge entering the United States from Mexico. After brief questioning, the defendants were referred to secondary inspection where a law enforcement dog alerted to the defendants for the presence of contraband. An inspection of the defendants revealed 462 grams (net weight) of cocaine concealed in the soles of the tennis shoes worn by defendant Thomas.

In an interview with Customs agents, defendant Thomas stated that she and defendant Christie-Hooker had flown from Panama to Mexico City where they obtained the shoes carrying the

cocaine; they then flew from Mexico City to Nuevo Laredo. According to defendant Thomas, defendant Christie-Hooker's partners were going to pay defendant Thomas $8,000.00 to smuggle the cocaine into the United States and that defendant Christie-Hooker had accompanied her to ensure that she got through U.S. Customs inspection. A Panamanian passport, a fraudulent New York State driver's license, Nassau Community College Student I.D., and Connecticut Community College Student I.D. bearing defendant Christie-Hooker's photograph were also found during a pat-down search of defendant Christie-Hooker.

Defendant knowingly and intentionally possessed the cocaine with the intent to distribute the cocaine.

II.

The defendant and defendant's counsel, having read the foregoing stipulation of facts, agree that these facts are true and correct and are approved by signing this document.

Respectfully Submitted,

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

By: _____
JOEL R. GONZALEZ
Assistant United States Attorney

APPROVED:

_____    Date: _O 7- 20-00_
REGINA RENEE THOMAS

_____    Date: _O 7- 20-00_
ATTORNEY FOR DEFENDANT

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

AUG 21 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. L-00-413-02 |
| | § | |
| **REGINA RENEE THOMAS** | § | |

## PLEA AGREEMENT

The United States of America, by and through its attorneys MERVYN M. MOSBACKER, United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, and the defendant, **REGINA RENEE THOMAS,** and the defendant's counsel, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into the following agreement:

1.    The defendant, **REGINA RENEE THOMAS,** agrees to plead guilty to Count Two of the Indictment in this case. Count Two of the Indictment charges the defendant with <u>possession with intent to distribute more than 500 grams of cocaine,</u> in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). However, the defendant agrees to enter a plea of guilty to a violation of U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute less than 500 grams of cocaine).

2.    As part of this agreement, the United States agrees to:

    (a)    recommend a **three (3) level** reduction in the defendant's guideline range based on early acceptance of responsibility [USSG §§ 3E1.1(a)-(b)(2)];

    (b)    stipulate that the net weight of the cocaine is **462 grams;**

26

(c)      recommend that defendant **REGINA RENEE THOMAS** be sentenced at Offense Level 21 of the sentencing guidelines; and

(d)      move the Court to dismiss Count One at the time of sentencing.

3.      The penalty for each violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(C) is a maximum term of imprisonment of twenty (20) years, a fine of not more than $1,000,000.00, and a period of supervised release of not more than three (3) years. The defendant also acknowledges and understands that if defendant should violate the conditions of any period of supervised release which may be imposed as part of the sentence, then the Defendant may be imprisoned for two years under the appropriate statute without credit for time already served on the term of supervised release prior to such violation.

4.      Prior to or at the time of sentencing, the defendant will pay to the United States Department of Justice a special assessment in the amount of one hundred dollars ($100.00) per count of conviction, as required in 18 U.S.C. § 3013(a)(2)(A). The payment will be by certified check payable to Department of Justice, c/o U.S. Attorney's Office. P. O. Box 61129, Houston, Texas 77208.

5.      The defendant understands that the Court is permitted, pursuant to Section 5E1.2(d)(7) of the Sentencing Guidelines and Policy Statements, to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment, term of supervised release and probation, if any are ordered.

6.      The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately or as otherwise ordered by the Court.

7.      The defendant understands that the sentence to be imposed is within the discretion

2

of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

8.    The defendant is aware that the defendant's sentence will be imposed in accordance with the Sentencing Guidelines and Policy Statements. The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty.

9.    The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. The ultimate sentencing determination including whether the defendant has accepted responsibility is left to the discretion of the Court.

10.    The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements.

11.    The United States agrees that it will not further criminally prosecute defendant in the

3

Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

12.    The defendant represents to the Court that defendant is satisfied that defendant's attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, defendant surrenders certain rights including the following:

a.    If the defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the defendant, the United States and the court all agree.

b.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

c.    At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. If the defendant desired to testify, however, defendant could do so.

13.    The defendant understands that nothing in this plea agreement, however, will restrict access by the Probation Office or the Court to information and records in the possession of the

4

United States, including that obtained from the defendant.

14.    If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement. Thus, for example, if at any time the defendant knowingly withholds evidence, or otherwise is not completely truthful with the United States, an officer of the United States, any law enforcement officer, or in testimony before the grand jury or at trial; or if the defendant knowingly gives false information to the United States relating to another's participation in criminal activity, then:

a.    The defendant may be prosecuted for perjury, false declaration, false statement, and/or obstruction of justice or any other offenses that may have been committed;

b.    Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom will be used against the defendant in any prosecution;

c.    The United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

15.    Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which the defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

16.    This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. No promises or representations have been made

5

by the United States except as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

**REGINA RENEE THOMAS**

SUBSCRIBED AND SWORN TO BEFORE ME on this the _31_ day of _August_, 2000.

MICHAEL N. MILBY, CLERK

BY: _____
Deputy Clerk

APPROVED:

JOEL R. GONZALEZ
Assistant United States Attorney

ATTORNEY FOR DEFENDANT

6

AO 245B (Rev. 8/96) Judgment in a Criminal Case

United States District Court
Southern District of Texas

United States District Court
Southern District of Texas

NOV - 6 2000

Michael N. Milby, Clerk
Laredo Division

Holding Session in    **Laredo**

## UNITED STATES OF AMERICA

v.

## REGINA RENEE THOMAS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number: 5:00CR00413-002**

**JEFFREY CZAR**
Defendant's Attorney

☐ See Additional Aliases - Sheet

**THE DEFENDANT:**

☑ pleaded guilty to count(s) TWO ON 8/21/00

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court

☐ was found guilty on count(s) _____ after a plea of not guilty

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(C) | POSSESSION WITH INTENT TO DISTRIBUTE APPROXIMATELY 462.1 GRAMS OF COCAINE | 03/22/2000 | TWO |

RECEIVED

NOV 9   2000

U.S. Probation Office
Laredo, TX

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 1 _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No        4984

Defendant's Date of Birth:        1980

Defendant's USM No.:        93086-079

**Defendant's Residence Address:**

T

WILMINGTON        DE        19802

**Defendant's Mailing Address:**

WILMINGTON        DE        19802

November 2, 2000
Date of Imposition of Judgment

_Signature of Judicial Officer_

**HONORABLE KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

6 November 2000
Date

AO 245B (Rev. 8/96) Imprisonment

**DEFENDANT:   REGINA RENEE THOMAS**                      Judgment - Page _2_ of _6_
**CASE NUMBER: 5:00CR00413-002**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
_____37_____ month(s).
The defendant was advised of the right to appeal sentence, including right to appeal in forma pauperis, upon proper documentation.

☐ See Additional Imprisonment Terms - Sheet
☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ _____ on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ by 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Supervised Release

**DEFENDANT:   REGINA RENEE THOMAS**

Judgment - Page _3_ of _6_

**CASE NUMBER: 5:00CR00413-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____. year(s).

☐ See Additional Supervised Release Terms - Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☑ The defendant shall not possess a firearm as defined in 18 U.S.C.§ 921. (Check, if applicable)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The

☑ See Special Conditions of Supervision - Sheet  3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. § 3013;
15) the defendant shall notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 8/96) Supervised Release

**DEFENDANT: REGINA RENEE THOMAS**
**CASE NUMBER: 5:00CR00413-002**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to perform 100 hours of community service as approved by the probation officer to be completed by the first year of supervised release term.

The defendant is to enroll and participate in an educational program designed to earn a high school diploma or its equivalency.

AO 245B (Rev. 8/96)  Criminal Monetary Penalties

**DEFENDANT:    REGINA RENEE THOMAS**                                                  Judgment - Page  4  of  6

**CASE NUMBER: 5:00CR00413-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............        _____  _____

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

# FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of    _____  $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☐ The interest requirement is waived.
   ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____  . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **\*\*Total Amount of Loss** | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| **Totals:** | $0.00 | $0.00 | |

☐ See Additional Victims

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 8/96) Criminal Monetary Penalties

**DEFENDANT:   REGINA RENEE THOMAS**

**CASE NUMBER: 5:00CR00413-002**

Judgment - Page  5  of  6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment: (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of total fine and other criminal monetary penalties shall be due as follows:

**A** ☑ in full immediately; or

**B** ☐ _____ immediately, balance due (in accordance with C, D, or E); or

**C** ☐ not later than _____ ; or

**D** ☐ in installments to commence_____ day(s)
In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

**E** ☐ in_____(e.g. equal, weekly, monthly, quarterly) installments of  _____
over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Make all payments payable to: U.S. District Clerk, P.O. Box 597, Laredo, TX 78042-0597**

☐ Joint and Several

| **Case Number (Including Defendant No.)** | **Defendant Name** | **Joint and Several Amount** |
|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property - Sheet

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program, are to be made as directed by the Court, the probation officer, or the United States Attorney.