AO 245B (Rev. 8/96) Judgment in a Criminal Case

# United States District Court
## Southern District of Texas
Holding Session in Laredo

United States District Court
Southern District of Texas
FILED
NOV - 6 2000
Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
NOV 13 2000
Michael N. Milby, Clerk
Laredo Division

UNITED STATES OF AMERICA

v.

**REGINA RENEE THOMAS**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **5:00CR00413-002**

**JEFFREY CZAR**
Defendant's Attorney

☐ See Additional Aliases - Sheet

**THE DEFENDANT:**

☑ pleaded guilty to count(s) TWO ON 8/21/00.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(C) | POSSESSION WITH INTENT TO DISTRIBUTE APPROXIMATELY 462.1 GRAMS OF COCAINE | 03/22/2000 | TWO |

FILED
AUG - 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 1 _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: 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
Defendant's Date of Birth: 12/31/1980
Defendant's USM No.: 93086-079
**Defendant's Residence Address:**
610 WASHINGTON STREET

WILMINGTON     DE     19802

**Defendant's Mailing Address:**
610 WASHINGTON STREET

WILMINGTON     DE     19802

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk

November 2, 2000
Date of Imposition of Judgment

/s/ Keith P. Ellison
Signature of Judicial Officer

**HONORABLE KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

6 November 2000
Date

AO 245B (Rev. 8/96) Imprisonment

DEFENDANT: REGINA RENEE THOMAS  
CASE NUMBER: 5:00CR00413-002

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___37___ month(s).

The defendant was advised of the right to appeal sentence, including right to appeal in forma pauperis, upon proper documentation.

☐ See Additional Imprisonment Terms - Sheet  
☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.  
☐ The defendant shall surrender to the United States Marshal for this district:  
    ☐ _____ on _____  
    ☐ as notified by the United States Marshal.  
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:  
    ☐ by 2 p.m. on _____  
    ☐ as notified by the United States Marshal.  
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
    Deputy U.S. Marshal

DEFENDANT: REGINA RENEE THOMAS
CASE NUMBER: 5:00CR00413-002

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s).

☐ See Additional Supervised Release Terms - Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☑ The defendant shall not possess a firearm as defined in 18 U.S.C.§ 921. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The

☑ See Special Conditions of Supervision - Sheet 3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. § 3013;
15) the defendant shall notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

DEFENDANT: REGINA RENEE THOMAS
CASE NUMBER: 5:00CR00413-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to perform 100 hours of community service as approved by the probation officer to be completed by the first year of supervised release term.

The defendant is to enroll and participate in an educational program designed to earn a high school diploma or its equivalency.

AO 245B (Rev. 8/96) Criminal Monetary Penalties

| DEFENDANT: | REGINA RENEE THOMAS | Judgment - Page 4 of 6 |
|---|---|---|
| CASE NUMBER: | 5:00CR00413-002 | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............  _____

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of _____ $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $0.00 | $0.00 | |

☐ See Additional Victims

AO 245B (Rev. 8/96) Criminal Monetary Penalties

DEFENDANT: REGINA RENEE THOMAS
CASE NUMBER: 5:00CR00413-002

Judgment - Page 5 of 6

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of total fine and other criminal monetary penalties shall be due as follows:

A ☑ in full immediately; or

B ☐ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s)
In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of _____
over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Make all payments payable to: U.S. District Clerk, P.O. Box 597, Laredo, TX 78042-0597**

☐ Joint and Several

| Case Number (Including Defendant No.) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property - Sheet

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program, are to be made as directed by the Court, the probation officer, or the United States Attorney.